UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL ACTION NO.

CAROL YRAYTA,

                Plaintiff

v.

MAC-STATE SQUARE, LLC, FBE LIMITED, LLC, STATE MARKET-HARTFORD, INC., and DAVID JAKUBOWSKI,

                Defendants

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Carol Yrayta (hereinafter referred to as "Plaintiff"), is a natural person with a residential address of 3 Orchard Brook Drive, Wethersfield, Hartford County, Connecticut.

2. The Defendant, Mac-State Square, LLC (hereinafter referred to collectively as "Defendant Company" or "Defendants" unless specifically referred to as otherwise), is a corporation with a principal place of business located at 45 Broadway, 25th Floor, New York, New York.

3. The Defendant, FBE Limited, LLC (hereinafter referred to collectively as "Defendant Company" or "Defendants" unless specifically referred to as otherwise), is a corporation

with a principal place of business located at 111 Broadway, 20th Floor, New York, New York.

4. The Defendant, State-Market Hartford, Inc. (hereinafter referred to collectively as "Defendant Company" or "Defendants" unless specifically referred to as otherwise), is a wholly owned subsidiary of the Defendant, Mac-State Square, LLC, and the Defendant, FBE Limited, LLC. The Defendant, State-Market Hartford, Inc., operates a business located at 10-90 State House Square, Hartford, Hartford County, Connecticut.

5. The Defendant, David Jakubowski (hereinafter referred to as "Defendant Jakubowski"), is a natural person with a last known business address of 10-90 State House Square, Hartford, Hartford County, Connecticut.

## Jurisdiction

6. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 as there are federal questions of law. The Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended.

7. This Court has supplemental over the Plaintiff's state claims pursuant to 28 U.S.C. § 1367 and otherwise. The Plaintiff's state claims are brought pursuant to Connecticut General Laws 46a-58(a), et seq. and Connecticut General Laws 46a-60.

## Facts

8. The Defendant Mac-State and the Defendant FBE are the co-owners of a commercial high-rise building located at 10-90 State House Square, Hartford, Hartford County, Connecticut (hereinafter referred to as "Property").

9. Upon information and belief, the Defendant State-Market is a wholly owned subsidiary of the Defendant Mac-State and the Defendant FBE and was created for the purpose of managing the Property.

10. The Defendant FBE is actively involved and oversees the Defendant State-Market. For example, the Defendant FBE oversees the Defendant State-Market's Harassment Policy and also manages the 401k plans and health insurance of the Defendant State-Market's employees.

11. The Plaintiff began working for the Defendants in or about March of 2008 as Assistant General Manager at the Defendant State-Market.

12. The Plaintiff was the only female on the Defendant State-Market's management staff. The Plaintiff reported directly to the Defendant Jakubowski, General Manager of the Defendant State-Market. When the Defendant Jakubowski was unavailable, the Plaintiff, as Assistant General Manager, would fill in for him.

13. In or about June of 2008, the Defendant Jakubowski began telling the Plaintiff's co-workers that she was "very friendly" with the owner of the Defendant, State-Market, Dovy Fruchthandler. The Defendant Jakubowski was insinuating that the Plaintiff was engaged in a sexual relationship with Mr. Fruchthandler, which was not true.

14. The Plaintiff complained to Defendant Jakubowski, asking him to stop making the inappropriate comments about her and Mr. Fruchthandler because they were not true and made her uncomfortable.

15. Throughout the Plaintiff's employment with the Defendant Company, the Defendant Jakubowski treated the Plaintiff different than the male members of the managerial staff. For example, the Defendant Jakubowski excluded the Plaintiff from meetings she, as a

member of management, was supposed to attend. The Defendant Jakubowski frequently failed to communicate important work-related matter to the Plaintiff. Often time, the Plaintiff was denied the hands-on training she needed from the Defendant Jakubowski to do her job.

16. Thereafter, staff members that the Plaintiff supervised became insubordinate to her. Despite the Plaintiff's complaints of the staff's insubordination, the Defendant Jakubowski failed to stop or remedy the same.

17. On or about June 28, 2016, based on the discrimination and harassment that the Plaintiff was experiencing in the workplace, the Plaintiff filed a Complaint with the Connecticut Commission on Human Rights and Opportunities.

18. After the Plaintiff filed her Complaint with the CHRO, her workplace became significantly more hostile and she began to be retaliated against further. For example, the Plaintiff's access to the computer security system was significantly reduced. The Plaintiff was no longer allowed to view certain security cameras and her ability to re-wind was removed.

19. The Plaintiff's job responsibilities were also significantly reduced. For example, the Plaintiff would traditionally handle the budget as to "metal maintenance" and the "elevator contract." After filing her Complaint, suddenly for the first time in eight years, these items were no longer handled in the Plaintiff's budget and were, instead, given to a male co-worker, Jesse McIntyre.

20. In the office the Plaintiff was known as Carolina. Even her business card had the name Carolina on it. Yet, Defendant Jakubowski and Jesse McIntryre began calling the

Plaintiff by the name Carol.  Calling the Plaintiff Carol was something Defendant Jakubowski and Mr. McIntryre had never done before she filed with the CHRO.

21. Further, after the Plaintiff filed her complaint with the CHRO, the Plaintiff's co-workers would avoid making eye contact with her, ignored her and/or treated her indifferently. The Plaintiff's co-workers also began whispering whenever she was near them.  Again, this did not happen prior to the Plaintiff's filing of her Complaint with the CHRO.

22. The ongoing hostile work environment the Plaintiff experienced caused her to suffer from extreme stress and anxiety. The Plaintiff was seen by her primary care physician who determined that she should take a medical leave commencing September 12, 2016.  The Plaintiff's primary care physician further stated that she was receiving treatment for stress and anxiety "due to a very hostile and stressful work environment."  The Plaintiff provided this letter to the Defendant Company.

23. In response to the Plaintiff's physician's determination that she needed to take a medical leave due to the stress that she was experiencing in the workplace, the Plaintiff's employment was terminated on September 14, 2016.

24. The Plaintiff received no further communication from her employer regarding the reasons for the termination of her employment.  Nor, did her employer offer and/or dialogue for her to be accommodated to come back to work earlier.

25. Traditionally, when an employee is terminated, quit or otherwise let go, the employee was allowed to pack up their own office.  However, the Plaintiff was not given that opportunity and, instead, was instructed, in her termination notice, that she had to arrange with security a time for her to collect her personal belongings and to return any company property in her possession.

26. The Plaintiff did as she was instructed and contacted a staff member at SSC security whom instructed her to meet security at the loading dock to exchange the property. At that meeting, the Plaintiff was handed her belongings in some boxes, and while putting them into her car, the security guards just stood their staring at her. The Plaintiff asked them if they needed anything else from her and security responded that they were instructed to wait for her to leave the premises. Even employees terminated "for cause" were not treated in this fashion.

27. Upon information and belief, the Plaintiff's photograph was hung up at the security desk at the Property. This was traditionally done so that security was aware not to allow someone to enter the building (for example if they are a known "trouble maker"). This was not done with other employees that were laid off or terminated for cause. This is further evidence of retaliation.

28. As a result of the actions of the Plaintiff's employer, she suffered from and continues to suffer from emotional distress as a result of the instances that occurred while she was working at the Defendant Company. The Plaintiff felt physically ill going into work after she filed her Complaint with the CHRO because her work environment was so hostile and retaliatory. The Plaintiff received professional treatment for her employment related stress and anxiety.

29. Throughout her employment at the Defendants, the Plaintiff performed her job responsibilities well. Yet, after engaging in protected activity, the Plaintiff was subjected to adverse action, including hostile work environment, retaliation and wrongful termination of her employment.

30. There are other examples of discrimination, harassment and retaliation as well.

31. The Plaintiff has filed the prerequisites to filing suit.

### Count I
### (Title VII of the Civil Rights Act of 1964, as amended ("Title VII") – Sex/Gender Discrimination)
### (Plaintiff v. Defendant Company)

32. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

33. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender.

34. The Plaintiff was terminated from her employment, at least in part, based upon the discrimination and harassment she experienced as a result of her sex/gender.

35. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

36. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory and harassing conduct would not continue.

WHEREFORE, the Plaintiff, Carol Yrayta, respectfully requests judgment against the Defendants, Mac-State Square, LLC, FBE Limited, LLC and State-Market Hartford, Inc., and for all damages available pursuant to Title VII of the Civil Rights Act of 1964, as amended.

### Count II
### (Title VII – Retaliation)
### (Plaintiff v. Defendant Company)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment based upon the discrimination and harassment she experienced as a result of her sex/gender.

39. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon the discrimination and retaliatory conduct of the Defendant Company.

40. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff's employment was terminated.

41. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory and harassing conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Carol Yrayta, respectfully requests judgment against the Defendants, Mac-State Square, LLC, FBE Limited, LLC and State-Market Hartford, Inc., and for all damages available pursuant to Title VII of the Civil Rights Act of 1964, as amended.

### Count III
### (C.G.L. 46a-60 – Sex/Gender Discrimination)
### (Plaintiff v. Defendant Company)

42. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender

43. The Plaintiff was terminated from her employment, at least in part, based upon the discrimination and harassment she experienced as a result of her sex/gender.

44. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

45. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory and harassing conduct would not continue.

WHEREFORE, the Plaintiff, Carol Yrayta, respectfully requests judgment against the Defendants, Mac-State Square, LLC, FBE Limited, LLC and State-Market Hartford, Inc., and for all damages available pursuant to C.G.L. 46a-60.

**Count IV**
**(C.G.L. 46a-60 – Sex/Gender - Retaliation)**
**(Plaintiff v. Defendant Company)**

46. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

47. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment, at least in part, based upon her sex/gender.

48. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon her request for accommodations related to her handicap.

49. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon the discrimination and retaliatory conduct of the Defendant Company.

50. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff's employment was terminated.

51. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that the retaliatory conduct would not continue.

WHEREFORE, the Plaintiff, Carol Yrayta, respectfully requests judgment against the Defendants, Mac-State Square, LLC, FBE Limited, LLC and State-Market Hartford, Inc., and for all damages available pursuant to C.G.L. 46a-60.

<u>**Count V**</u>
**(C.G.L. 46a-60 – Sex/Gender Discrimination – Retaliation)**
**(Plaintiff v. Defendant Jakubowski)**

52. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

53. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment based upon the discrimination and harassment she experienced as a result of her sex/gender.

54. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon the discrimination and retaliatory conduct of the Defendant Jakubowski.

55. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff's employment was terminated.

56. The Plaintiff was severely and adversely affected by the Defendant Jakubowski's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Carol Yrayta, respectfully requests judgment against the Defendant, David Jakubowski, and for all damages available pursuant to C.G.L. 46a-60.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE FEDERAL COURT PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND OTHERWISE.

Respectfully submitted,

The Plaintiff
CAROL YRAYTA,
By Her Attorneys

| | |
|---|---|
| /s/ *Sarah A. Ornelas*<br>SARAH A. ORNELAS (ct27825)<br>DANIEL J. O'CONNELL (ct25853)<br>O'Connell & Plumb, P.C.<br>75 Market Place<br>Springfield, MA  01103<br>Telephone No. (413) 733-9111<br>Facsimile No. (413) 733-9888<br>Email: sornelas@ocpllaw.com<br>Email: doconnell@ocpllaw.com | Dated:  January 12, 2017 |

CERTIFICATE OF SERVICE

I, Sarah A. Ornelas, Counsel for the Plaintiff, hereby certify that on this 12th day of January 2017, I served the foregoing document via electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ *Sarah A. Ornelas*
Sarah A. Ornelas